**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PLANT INSULATION CO., | No. 12-17466 |
| Debtor, | D.C. No. 3:12-cv-01887-RS |
| FIREMAN'S FUND INSURANCE COMPANY; UNITED STATES FIRE INSURANCE COMPANY, | MEMORANDUM* |
| Plaintiffs, | |
| And | |
| ONEBEACON INSURANCE COMPANY; AMERICAN HOME ASSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; INSURANCE COMPANY OF THE WEST; SAFETY NATIONAL CASUALTY CORPORATION; TRANSPORT INDEMNITY COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY, | |
| Plaintiffs - Appellants, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

PLANT INSULATION COMPANY,

Debtor-in-Possession -
Appellee,

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, c/o
Sheppard Mullin Richter & Hampton,
LLP,

Defendant - Appellee,

FUTURES REPRESENTATIVE, The
Honorable Charles B. Renfrew (Ret.),

Real-party-in-interest -
Appellee.

In re: PLANT INSULATION CO.,

Debtor,

FIREMAN'S FUND INSURANCE
COMPANY,

Plaintiff,

AMERICAN HOME ASSURANCE
COMPANY; GRANITE STATE
INSURANCE COMPANY; INSURANCE
COMPANY OF THE STATE OF
PENNSYLVANIA; INSURANCE
COMPANY OF THE WEST; SAFETY
NATIONAL CASUALTY

No. 12-17467

D.C. No. 3:12-cv-01887-RS

CORPORATION; TRANSPORT INDEMNITY COMPANY; UNITED STATES FIDELITY AND GUARANTY COMPANY,

Plaintiffs,

And

UNITED STATES FIRE INSURANCE COMPANY,

Plaintiff - Appellant,

v.

PLANT INSULATION COMPANY,

Debtor-in-Possession - Appellee,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS, c/o Sheppard Mullin Richter & Hampton, LLP,

Defendant - Appellee,

FUTURES REPRESENTATIVE, The Honorable Charles B. Renfrew (Ret.),

Real-party-in-interest - Appellee.

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Before: NOONAN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Appellee insurance companies (the "Non-Settling Insurers") challenge the bankruptcy court's confirmation of Plant Insulation Co.'s Chapter 11 plan. We address several of their claims in an opinion filed concurrently with this memorandum disposition. The relevant facts are discussed in that opinion.

I

The Non-Settling Insurers argue that the bankruptcy court erred in admitting certain expert testimony. The court's evidentiary rulings are subject to "abuse of discretion" review. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997).

First, the Non-Settling Insurers allege that the experts, Steven Snyder and David McClain, have a direct financial stake in the outcome of the case because of their relationships with the debtor and the Creditors' Committee and this precluded them from testifying. This is not our law. Generally, "evidence of bias goes toward the credibility of a witness, not his competency to testify." *United States. v. Abonce-Barrera*, 257 F.3d 959, 965 (9th Cir. 2001).

Second, the Non-Settling Insurers argue that these experts did not use "reliable principles and methods" in presenting their testimony. In the *Daubert*

inquiry (codified in Fed. R. Evid. 702), "the trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) *quoting Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). But these prongs are flexible. *See id.* at 564. Under this inquiry, an expert can testify on the basis of his experience without using an explicitly scientific methodology. *See United States v. Laurienti*, 611 F.3d 530, 548 (9th Cir. 2010). This was the case here.

For these reasons, the bankruptcy court did not abuse its discretion in admitting this expert testimony.

## II

The Non-Settling Insurers also argue that the plan was not proposed in good faith pursuant to 11 U.S.C. § 1129(a)(3). The bankruptcy court's finding of good faith is evaluated for clear error. *In re Gen. Teamsters, Warehousemen, and Helpers Union, Local 890*, 265 F.3d 869, 872 (9th Cir. 2001).

A plan is proposed in good faith as long as it "satisfies the purposes of the bankruptcy code," *Id.* at 877, and the review focuses on the "totality of the circumstances." *In re Symar Plaza L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002). Here, the Non-Settling Insurers' fail to point to specific facts in the record which undermine the bankruptcy court's key findings establishing good faith. Neither

general allegations of unseemliness nor assertions that the plan undermined their nonbankruptcy rights suffices to demonstrate clear error. *Id.* at 1075. Similarly, there is no evidence in the record suggesting that the reorganized debtor will breach any obligation to the Non-Settling Insurers. The bankruptcy court did not clearly err in finding good faith.[1]

**AFFIRMED.**

---

[1]The Non-Settling Insurers' motion to take judicial notice, filed April 2, 2013, is hereby denied as moot.